OPINION
Appellant, Brad Rickle, appeals from the January 17, 2001 judgment of the Wyandot County Court of Common Pleas, Domestic Relations Division, which adopted the decision of the magistrate with respect to his motions for modification of both his child support and transportation of the children for visitation.
According to the record, appellant and appellee, Kim Rickle, were divorced on January 8, 1999. Appellee received custody of the parties' two minor children, Aubrey and Gabrielle, and appellant was ordered to pay child support.
On August 1, 2000, appellant filed motions for modification of child support and transportation to and from visitation. The initial hearing date set for October 3, 2000 was continued because of a medical emergency involving the parties' oldest child. A hearing was conducted on October 27, 2000 before the court's magistrate, who issued a decision on November 8, 2000. The magistrate recommended modifying appellant's child support obligation, but effective on the date of adoption of such decision. The magistrate further recommended appellant's request that both parties share in transporting the children for visitation should be denied.
On November 17, 2000, appellant filed objections to the magistrate's decision. The trial court adopted the magistrate's decision on January 17, 2001, over appellant's objections.
Appellant now appeals, raising two assignments of error. For his first assignment of error, appellant asserts:
 The court erred by not making the modification of child support effective retroactively to the date of filing the motion to modify child support.
 Appellant contends that the trial court erred by failing to order the child support modification retroactive to August 1, 2000, the date he filed his motion.
"[D]etermining whether to make a modification retroactive is a matter within the discretion of the domestic relations court and cannot be reversed unless the trial court abuses its discretion." Hamilton v.Hamilton (1995), 107 Ohio App.3d 132, 139. As we previously recognized in Harter v. Harter (Feb. 26, 1998), Allen App. No. 1-97-55, unreported, former R.C. 3113.21(M)(4)[1] permits, but does not require, the trial court to retroactively modify a child support order to the date the motion was filed.
In the present case, the trial court found that there did exist extraordinary circumstances sufficient to indicate January 17, 2001 was the correct date for application of the modified support order. Appellant argues, however, that the trial court improperly assumed facts that were not in evidence and that it was just as reasonable to assume appellant has incurred expenses related to the child's hospitalization. A review of the record reveals the trial court recognized that appellee would experience an approximate $40 per week reduction in child support if the magistrate's decision should be adopted. Contrary to appellant's argument, the court found and the record supports a finding that while appellant's modification motion was under consideration, the parties' oldest daughter experienced severe medical problems which necessitated that appellee, who is self-employed, take time away from her business to attend to the child. According to the testimony of both appellant and appellee, their daughter spent approximately one month in the intensive care unit of Toledo Hospital. Indeed, it was reasonable for the court to conclude that more expenses were undoubtedly incurred by appellee because of this. Additionally, the court appears to rely on the testimony appellee gave concerning ongoing medical treatment and testing to indicate additional expenses incurred. In fact, appellee testified that "[w]e're not done with doctors for quite some time." Under the circumstances, we cannot find that the trial court abused its discretion in making the modified support order effective the date of the final judgment, January 17, 2001. Appellant's first assignment of error is overruled.
For his second assignment of error, appellant asserts:
 The court erred by not modifying terms of companionship where such modification is in the best interest of the parties' minor children.
 Appellant contends that the best interests of the parties' minor children warrant both parties to share the responsibility of transporting them for purposes of visitation with appellant. He asserts that there is no evidence in the record to suggest that the magistrate or the trial court considered the factors set forth in R.C. 3109.051(D).
R.C. 3109.051(D) sets forth factors that a court shall consider for determining visitation rights or the modification of those rights. Pursuant to this section, the trial court is required to consider the factors enumerated therein and to then determine, in its sound discretion, visitation that is in the best interest of the child. Braatzv. Braatz (1999), 85 Ohio St.3d 40, paragraph two of the syllabus. When determining other issues related to the awarded visitation, including transportation requests, the trial court must still exercise its discretion in a manner that protects the best interests of the child. R.C. 3109.051(D); Heckel v. Heckel (Sept. 11, 2000), Butler App. No. CA99-12-214, unreported.
The record in the case at bar shows that the magistrate did discuss the evidence presented at the hearing and concluded that appellant's request should be denied. The trial court considered appellant's objection to the magistrate's decision and found it not to be meritorious. The record shows that since the parties' divorce, appellant has picked-up and returned the children for visitation. It should also be noted that while there is evidence appellant has had problems with regular visitation, as appellant argues, the facts presented at the hearing surrounding this were that the parties' oldest daughter had been in the hospital for the past month and that on two particular weekends the children either did not want to come or they were sick, and not that there were transportation problems. When considering the appellant has moved a distance farther away since the divorce and given appellee's accommodation in allowing appellant to pick the children up one hour earlier on his alternating weekend visitations, as well as the absence of evidence affirmatively showing an undue hardship, we cannot conclude that the trial court erred or abused its discretion in denying appellant's request for the parties to share in transporting the children for visitation. See R.C.3109.051(D)(2) and 3109.051(D)(10). Appellant's second assignment of error is overruled.
Based upon the foregoing, the judgment of the trial court is affirmed.
______________________________________ SHAW, J.
BRYANT and HADLEY, J.J., concur.
[1] We note that R.C. 3113.21 has been repealed, effective March 22,2001. A similar provision has been enacted at R.C. 3119.84.